IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| **RICKY D. NABORS,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  Civil Action No. _____ |
| | ) |
| **TRANSWORLD SYSTEMS, INC.,** | ) |
| | ) |
| Defendant. | ) |

**CLASS ACTION COMPLAINT**

**I.   Introduction**

This action seeks redress for the unlawful and deceptive practices committed by the debt collector Transworld Systems, Inc. ("Defendant" or "Transworld"), in connection with its efforts to collect debts previously discharged by debtors in bankruptcy. Defendant's conduct involves transmitting collection notices to consumers for debts which have been discharged in federal bankruptcy court. The sole purpose of these collection notices is, and could only be, to coerce the payment of discharged debts. Plaintiff, on behalf of himself and a Class of similarly-situated consumers, seeks monetary, declaratory and injunctive relief based on Defendant' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692–1692o.

1

**II.     Jurisdiction and Venue**

1. This Court has subject matter jurisdiction over this litigation pursuant to 28 U.S.C. § 1331, as Plaintiff's claims arise under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692–1692o.

2. This Court also has original jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332(a)(1), as modified by the ClassAction Fairness Act of 2005, because Plaintiff and Defendant are citizens of different states; there are more than 100 members of the Class(as defined herein); the aggregate amount in controversy exceeds $5 million, exclusive of attorneys' fees, interest, and costs; and Class members reside across the United States.

3. Venue is proper in this Court under 28 U.S.C. § 1391 because (i) Defendant conduct substantial business in this District and has intentionally availed itself of the laws and markets of the United States and this District; and/or (ii) many of the acts and transactions giving rise to this action occurred in this District.

**II.     Parties**

4. Plaintiff Ricky D. Nabors is an individual who resides in the municipality of West Blocton, Alabama, in Bibb County.

5. Defendant Transworld Systems, Inc., is a Delaware corporation with its principal place of business located at 500 Virginia Drive, Suite 514, Ft. Washington, Pennsylvania, 19034. Transworld collects debts under contract for businesses which are retailers of consumer goods and services and also may purchase the retail installment contracts and revolving charge accounts of consumers, including those such as Mr. Nabors and the Class members who have filed bank-

ruptcy. The accounts purchased by Transworld are in default at the time of purchase. The principal purpose of Transworld is the collection through the use of the mails and telephones of these delinquent accounts it has agreed to attempt to collect for creditors or has purchased from creditors to which the debts were originally owed. Transworld also regularly collects or attempts to collect debts which are owed or due another, or alleged to be owed or due another. Transworld is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

### III.   Class Allegations

6.  Plaintiff files this lawsuit on behalf of himself and all others similarly situated pursuant to Fed. R. Civ. P. 23(a), 23(b)(1), (b)(2) and (b)(3) because Defendant, in regularly acting pursuant to the actions challenged herein, has acted on grounds generally applicable to the Class, thereby making appropriate relief for the Class as a whole. Further, prosecution of this case by individual Class members could create the risk of inconsistent adjudications which could establish incompatible standards of conduct for Defendant or impede the ability of other Class members to protect their interests. Finally, there are questions of law and fact which predominate over those pertaining to individual Class members only.

7.  The Plaintiff Class consists of all individual persons in the United States:

a. who filed a petition for relief under the Bankruptcy Code;

b. who listed as a debt a credit account which the Defendant was hired by the creditor to collect or which was assigned by the creditor to Defendant Transworld, and;

c. To whom, after the bankruptcy discharge, Transworld sent collection letters or notice similar to those sent to Plaintiff herein.

8. The Class is so numerous, numbering at least in the thousands, that joinder of all class members is impracticable. A Class action is the only feasible method of adjudicating the rights of the affected debtors, and absent allowance of a certification of a Class action a failure of justice will result.

9. The claims of the named Plaintiff are typical of those of the class. The Class Members, including Plaintiff, are bankruptcy debtors whose entitlement to the benefits of a bankruptcy discharge have been or are being threatened by the actions of the Defendant.

10. The questions of law and fact common to all Class members, which predominate over those pertaining to individual Class members, are limited to (a) whether Defendant engages in the acts and practices complained of, (b) whether Defendant's acts and omissions in attempting to collect discharged debts and other charges which are not due are in violation of the Fair Debt Collection Practices Act.

11. Plaintiff will fairly and adequately represent the interests of the Class and have no conflicts of interest with other Class members. Plaintiff's counsel has the experience necessary to competently and vigorously represent all members of the class.

12. A Class action is superior to other available methods for the fair and efficient adjudication of this controversy in that (a) the Class necessarily consists of persons in unfavorable economic circumstances who are not able to pay to maintain individual actions against Defendant, (b) many Class members lack the sophistication to recognize that Defendant's practices are unlawful and to retain counsel, (c) many Class members will accede to Defendant's unlawful collection demands and attempt to pay or pay Defendant for fear of losing consumer goods based

on Defendant's unlawful collection efforts, and (d) there is no reason that the courts should be burdened with multiple lawsuits challenging Defendant' practices.

**IV.    Facts.**

13.    On July 22, 2019, Plaintiff sought protection from his creditors by filing a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Northern District of Alabama, Case No. 19−71181−JHH7.

14.    On September 25, 2019, Plaintiff amended his bankruptcy petition to list, among others, an account due to CVS Caremark. Notice of this amendment to Plaintiff's bankruptcy petition was transmitted by first-class mail to all parties, including CVS Caremark, on September 27, 2019.

15.    On October 23, 2019, Plaintiff was granted a discharge of all dischargeable debts pursuant to 11 U.S.C. § 524, including his obligation to CVS Caremark and its assignee or collection agency, Defendant Transworld.

16.    On November 12, 2019, 19 days after Plaintiff's bankruptcy discharge, Defendant sent Plaintiff a letter, or collection notice, indicating that Transworld was attempting to collect a debt in the amount of ninety dollars ($90.00) Plaintiff owed to CVS Caremark.

17.    On November 18, 2019, bankruptcy counsel for Plaintiff wrote to both Defendant and CVS Caremark informing them of the bankruptcy discharge, informing them also that "[c]ontinued efforts to collect this debt constitutes [sic] a violation of the automatic stay provided by the bankruptcy court" and directing them to cease and desist attempting to collect the Plaintiff's discharged debt.

18.     On November 26, 2019, 33 days after Plaintiff's bankruptcy discharge and 8 days after bankruptcy counsel's cease and desist letter, Defendant sent plaintiff a second letter, or collection notice, indicating again that Transworld was attempting to collect a debt in the amount of ninety dollars ($90.00) which had been discharged in Plaintiff's bankruptcy case.

## COUNT I
## Violation of the Fair Debt Collection Practices Act

19.     The factual allegations of the preceding paragraphs are realleged and incorporated herein by reference.

20.     The foregoing acts and omissions by Defendant constitute violations of the Fair Debt Collection Practices Act, which include, but are not limited to, the following:

—The Defendant violated 15 U.S.C. § 1692f(1) by collecting or attempting to collect amounts not permitted by law and by otherwise using unfair and unconscionable methods.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and the Class and against the Defendant as follows:

(1) Declaring that Defendant' policies and practices are unlawful;

(2) Enjoining Defendant from continuing its policies and practices;

(3) Ordering Defendant to refund all monies collected pursuant to its policies and practices with interest thereon at the lawful rate;

(4) Awarding actual and statutory damages against Defendant pursuant to 11 U.S.C. § 1692k;

(5)  Certifying this action as a class action;

(6) Awarding Plaintiff reasonable attorney fees and litigation expenses, plus costs of suit;

(7) Granting such other or further relief as is appropriate.

DATED: July 27, 2020

/s/ Steven P. Gregory

OF COUNSEL FOR PLAINTIFF:

Steven P. Gregory
ASB-0737-R73S
GREGORY LAW FIRM, P.C.
505 20th Street North, Suite 1215
Birmingham, Alabama 35203
Telephone 205-208-0312
email: steve@gregorylawfirm.us

Edward B. Vines, Attorney at Law
ASB-1885-E45V
255 Adams Street
Jemison, Alabama 35085-6008
evinesattorney@yahoo.com

PLAINTIFF REQUESTS TRIAL BY JURY AS TO EACH OF THE CLAIMS ASSERTED HEREIN.

    /s/ Steven P. Gregory
    STEVEN P. GREGORY

Defendant to be served by certified mail as follows:

Transworld Systems, Inc.
500 Virginia Drive, Suite 514
Ft. Washington, Pennsylvania 19034